**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 97-10936**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**WILLIE FRANK KING, a.k.a. FRANK KING, a.k.a. WILLIE F. JAMES,
a.k.a. FRANK JORDAN, a.k.a. PENNY; ROY LEE TAYLOR,**

**Defendants-Appellants,**

---

**Appeal from the decision of the United States District Court
for the Northern District of Texas
(3:97-CR-83-D)**

---

October 13, 1998

Before REYNALDO G. GARZA, JONES, and DeMOSS, Circuit Judges:

PER CURIAM:[*]

Willie Frank King ("King") and Roy Lee Taylor ("Taylor") appeal their convictions of conspiracy to possess, with intent to distribute, cocaine, 21 U.S.C. § 846; possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii); and aiding and abetting, 18 U.S.C. § 2.  King also appeals his conviction for the use of a communication facility in order to facilitate a felony, 21 U.S.C. § 843(b).  Likewise, Taylor appeals his individual conviction under 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  Based on our review of the record and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

briefs and girded with the assistance of counsels' statements at oral argument, we affirm.

Both defendants challenge the sufficiency of the evidence as it relates to their convictions. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found each of the essential elements of the charged offenses beyond a reasonable doubt. See United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992).

The district court did not abuse its discretion by admitting extrinsic evidence of King's prior drug trafficking activities in order to demonstrate knowledge or intent. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997). When a defendant contests the existence of knowledge or intent with respect to a charged crime, the government may introduce extrinsic evidence under Fed. R. Evid. 403 and 404(b) in order to establish the requisite elements. See United States v. Anderson, 933 F.2d 1261, 1268 (5th Cir. 1991).

The admission of the evidence seized from King's truck pursuant to an inventory search, if error at all, was harmless. See United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993). Substantial evidence of King's guilt, including recorded conversations, documentation, and testimony of his supplier, existed in the record. Accordingly, we cannot say that the admission of the small amount of circumstantial evidence found in King's truck during the inventory search had a "substantial impact" on the jury's verdict. Id. (citing United States v. El-Zoubi, 993

2

F.2d 442, 446 (5th Cir. 1993)).

Reviewing the district court's denial of Taylor's motion to suppress, we examine factual findings for clear error and legal conclusions de novo. See United States v. Fields, 72 F.3d 1200, 1212 (5th Cir. 1996); see also United States v. Dickey, 102 F.3d 157, 162 (5th Cir. 1996) (denial of Franks hearing reviewed de novo). Preliminarily, the district court did not abuse his discretion in holding that Taylor's motion to suppress and request for a Franks hearing was untimely. But even if, like the district court, we review this issue on the merits, a misrepresentation made in a probable cause affidavit will not invalidate a warrant so long as a sufficient basis exists for the warrant's issuance once the inaccurate statements are omitted. See United States v. Privette, 947 F.2d 1259, 1260-61 (5th Cir. 1991). A sufficient factual basis existed here without the erroneous assertions. Moreover, because the district court found that misstatements made in this affidavit were merely negligent and not intentional, and that finding is not clearly erroneous, the good-faith exception to the exclusionary rule applies to the evidence seized from Taylor's home pursuant to the search warrant. See United States v. Leon, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420-21 (1984); see also United States v. Webb, 950 F.2d 226, 229-30 (5th Cir. 1991) (discussing restrictions on Leon good-faith exception). Thus, the district court neither erred in failing to conduct a Franks hearing nor in admitting the seized evidence.

Finally, King maintains that the district court committed

clear error at sentencing by affixing an offense level of thirty-eight based on the 170 kilograms of cocaine attributed to the conspiracy.  See <u>United States v. Carreon</u>, 11 F.3d 1225, 1230, 1231 n.17 (5th Cir. 1994) (factual findings regarding drug amounts reviewed for clear error).  We find no error in the district court's factual determination.

**AFFIRMED.**